UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN MICHELLE TEMPLE,<br>Plaintiff,<br>v.<br>COUNTY OF NEVADA, et al.,<br>Defendants. | Case No. 2:26-cv-02431-TLN-CSK (PS)<br><br>ORDER<br>(ECF Nos. 1, 2, 3, 4) |

Plaintiff Robin Michelle Temple is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. THE COMPLAINT

The Complaint identifies as defendants the County of Nevada and twenty County employee Doe defendants. Compl. ¶¶ 11, 13 (ECF No. 1). Plaintiff is disabled. *Id.* ¶¶ 10, 109. Plaintiff alleges that in September 2024, she was stalked and harassed by an individual named Gregory Ellsworth Graham. *Id.* ¶ 17. The California Superior Court issued a criminal protective order against Graham on September 30, 2024. *Id.* ¶ 16. Plaintiff alleges that on December 9, 2024, following a criminal proceeding concerning

Graham's violations of the criminal protective order, County employees informed Plaintiff that the County and law enforcement could not keep her safe and asked whether she had somewhere else to stay. *Id.* ¶¶ 20, 23. The County also dispatched Nevada County Deputy Sherriff Kennedy to Plaintiff's residence, who arrived while Plaintiff prepared to leave her home. *Id.* ¶ 24. Plaintiff alleges she did not receive assistance with relocating and that the County's "intervention" on December 9, 2024 caused Plaintiff to become homeless, thereby placing her in greater unsafe conditions than if she had not left her home. *Id.* ¶¶ 26-29.

Sections IV.C and IV.D of the Complaint, respectively titled "Continuing Instability, Victim Services, and County Notice" and "Disability Notice, Meaningful Access, and Unsafe Participation," refer to various events from December 2024 to June 2025, including Plaintiff's attempts to obtain assistance from the County regarding her stalking situation and developments in criminal proceedings involving Graham. *Id.* ¶¶ 31-43. Plaintiff alleges the criminal protective order was vacated on June 25, 2025, but Plaintiff did not receive notice that the criminal protective order was no longer in force until January 2026. *Id.* ¶¶ 44-45, 57-58. Plaintiff alleges that her lack of safe housing has resulted in various harms including the loss of use of her property, emotional strain, loss of employment, inability to support her brother's medical needs, and stress to her pet, JoZee. *Id.* ¶¶ 70-80. Plaintiff further alleges that the County's inaction has allowed Graham to continue attempting to contact her directly and indirectly. *Id.* ¶¶ 81-82.

## III. DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Complaint fails to satisfy Rule 8 where its allegations refer, for example, to "Nevada County personnel," "Nevada County Victim

Witness personnel," "County-connected personnel," and "County-connected actors" without identifying the specific actions attributable to each individual acting on behalf of the County. Compl. ¶¶ 18, 23, 37, 84-86, 90; *see also Foster v. City of Los Angeles*, 2026 WL 2001157, at *5 (C.D. Cal. July 10, 2026) ("Allegations referring collectively to 'Defendants,' 'City actors,' 'final policymakers,' or other generalized groups, without identifying the specific actions attributable to each defendant, are insufficient to state a claim under Section 1983."); *Ellis v. Foulk*, 2015 WL 4662766, at *7 (E.D. Cal. Aug. 5, 2015) ("Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.").

Further, a review of Plaintiff's Complaint reveals it fails to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Plaintiff asserts claims against Defendant County of Nevada and Doe Defendants pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* ("ADA"), and the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("Bane Act"). Compl. ¶¶ 83-127. The Court addresses Plaintiff's claims in turn.

1. <u>Section 1983 Claims</u>

42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation modified). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642,

645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

*a. State-Created Danger Doctrine*

"The Fourteenth Amendment's Due Process Clause . . . does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Henry A. v. Wilden*, 678 F.3d 991, 998 (9th Cir. 2012) (citation modified). An exception to this rule is the state-created danger exception, where "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known and obvious danger." *Id.* (citation modified). To determine whether an official affirmatively placed an individual in danger, the court must determine "(1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the officer acted with deliberate indifference to that danger." *Id.* at 1002. To show deliberate indifference, the Ninth Circuit requires the actor "must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Patel v. Kent School District*, 648 F.3d 965, 974 (9th Cir. 2011).

Here, Plaintiff's state-created danger claim fails because Plaintiff alleges omissions or failures to act, rather than affirmative conduct. *See Murgia v. Langdon*, 61 F. 4th 1096, 1111 (9th Cir. 2023) (finding a state-related danger claim requires a finding of state action rather than inaction). Plaintiff's allegations that Deputy Kennedy was dispatched only temporarily to Plaintiff's home and that the County failed to assist with Plaintiff's relocation are examples of inaction, rather than affirmative conduct that caused Plaintiff's injury. *See* Compl. ¶¶ 25-30, 32, 90; *Martinez v. City of Clovis*, 943 F. 3d 1260, 1272 (9th Cir. 2019) (holding police officer's failure to separate plaintiff from domestic abuser was not an affirmative act because it did not expose plaintiff to danger she would not otherwise have faced before police had arrived). Similarly, Plaintiff's allegations

regarding the County Sheriff's investigation of Graham's stalking and the District Attorney's decision to decline prosecution fail to establish a violation of Plaintiff's civil rights. *See* Compl. ¶¶ 47-55; *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (holding that police department's "inadequate investigation" and decision to not recommend criminal charges was insufficient to state a Section 1983 claim).

Although Plaintiff appears to allege that the County's "intervention" on December 9, 2024 affirmatively caused her to leave her home and suffer resulting harms, *see* Compl. ¶¶ 88, 91, the County's "intervention" consisted of County employees contacting Plaintiff to inform her "that County or law-enforcement personal did not believe they could keep her safe, [asking] whether she had somewhere else to stay, and then being told that a Sheriff's deputy was on the way," *id.* ¶¶ 23, 86. Plaintiff concedes that Deputy Kennedy never "physically forced her to leave, formally ordered her to leave, or told her she was legally prohibited from remaining" at her home. *Id.* ¶ 87. Based on these allegations, Plaintiff has not established that the County coerced her out of her home. *See id.* ¶ 25 (alleging "the compulsion was practical rather than formal"). Therefore, the Complaint fails to demonstrate that Defendants engaged in affirmative actions that placed Plaintiff in danger that she otherwise would not have faced.

*b.* Monell *Liability*

Plaintiff asserts her Section 1983 claim against a municipal entity, Defendant County of Nevada. *See* Compl. ¶¶ 96-107. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the

particular policy that the plaintiff alleges caused her constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under Section 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that her injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

To successfully plead a *Monell* claim, the Ninth Circuit has held that there must be sufficiently detailed factual allegations "'to give fair notice and to enable the opposing party to defend itself effectively' and which 'plausibly suggest an entitlement to relief.'" *J.M. by and Through Rodriguez v. County of Stanislaus*, 2018 WL 5879725, at *4 (E.D. Cal. Nov. 7, 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). To meet this standard, a plaintiff may do so by "specifying the content of the policies, customs, or practices the execution of which gave rise to the plaintiff's constitutional injuries." *J.M.*, 2018 WL 5879725, at *4 (citation modified).

Here, Plaintiff fails to plausibly allege municipal liability. Although the Complaint references municipal "policies, customs, practices, omissions, failures to train, failures to supervise, failures to implement, and/or deliberate non-correction," those allegations are conclusory and lack sufficient factual specificity. Compl. ¶¶ 97, 106-107. Plaintiff refers to "relevant County systems" such as "Sheriff response to restraining-order violations and stalking reports; Victim Witness notification and support; District Attorney/Victim Witness communication; safety planning; stalking-risk or threat assessment; emergency shelter and relocation referrals; transportation-safety support; ADA-access review; trauma-informed communication; and interagency coordination with partner service providers." *Id.* ¶¶ 98. But these generalized allegations fail because "the Complaint does

not identify any formal municipal policy authorizing the alleged constitutional violations, describe the contents of such a policy, or allege facts showing how any official policy directed or caused the challenged conduct." *Foster*, 2026 WL 2001157, at *10. Plaintiff's allegations pleading various *Monell* theories in the alternative likewise fail for lack of specificity. *See id.* ¶ 101A-103.

Further, because Plaintiff fails to allege a state-created danger claim as discussed above, Plaintiff has failed to allege the deprivation of a constitutional right. This pleading defect also requires dismissal of Plaintiff's *Monell* claim because a *Monell* claim requires a constitutional violation to be actionable.

2. <u>ADA Claim</u>

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability. 42 U.S.C. § 12131, *et seq.* A person alleging a Title II violation must show (1) they are a qualified individual with a disability; (2) they were excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against them; and (3) the exclusion, denial, or discrimination was by reason of their disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). To recover damages under Title II of the ADA, Plaintiff "must prove intentional discrimination on the part of the defendant." *Id.* at 1138 (citation modified). The Ninth Circuit has further held that deliberate indifference is the applicable standard to determine whether there was intentional discrimination by a defendant. *Id.*

Here, the Complaint provides only vague, conclusory allegations in support of Plaintiff's ADA claim. First, the Complaint fails to clearly identify what services, programs, or activities are offered by the County that Plaintiff was denied from accessing. *See* Compl. ¶¶ 32, 110, 114-116. Second, the Complaint fails to allege non-conclusory facts sufficient to show deliberate indifference. *See id.* ¶ 117. Plaintiff also fails to sufficiently plead deliberate indifference based on the same actions alleged in support of her state-created danger claim. Thus, Plaintiff has not alleged facts sufficient

to show that she was intentionally discriminated against due to her disability. Accordingly, Plaintiff has failed to state a claim under Title II of the ADA.

3. Bane Act Claim

"The Bane Act provides a civil cause of action for '[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with, or attempted to be interfered with' through actual or attempted 'threats, intimidation, or coercion.'" *Campbell v. Feld Entertainment, Inc.*, 75 F. Supp. 3d 1193, 1211 (N.D. Cal. 2014) (quoting Cal. Civ. Code § 52.1(a)-(b)). The Bane Act defines interference as a violation of one's constitutional rights. *Campbell*, 75 F. Supp. 3d at 1211. To prevail on a Bane Act claim, a plaintiff must first show that there was an interference of her constitutional rights, and then must show that the interference "was accompanied by actual or attempted threats, intimidation, or coercion." *Id.* Here, Plaintiff has failed to plead a violation of her constitutional rights as described above. Therefore, she cannot plead a violation of the Bane Act. This claim is dismissed.

**B. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, Title II of the ADA, and the Bane Act, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in

sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

### C. Plaintiff's Motion to Appoint Counsel

On July 13, 2026, the same day Plaintiff initiated this action, Plaintiff filed a motion to appoint counsel. (ECF No. 3.) In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." *United States ex Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation modified). "Appointment of counsel should be allowed only in exceptional cases." *Id.* When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the

plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Here, Plaintiff argues this matter contains complex issues and that Plaintiff has "disability-related cognitive-processing, trauma, housing, transportation, and document-organization limitations." (ECF No. 3 at 2.) There are no exceptional circumstances warranting the appointment of counsel in this case. Therefore, Plaintiff's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

**D. Plaintiff's Motion for Accommodations**

Also on July 13, 2026, Plaintiff filed a motion requesting "Reasonable Filing-Access Accommodations." (ECF No. 4.) Plaintiff seeks (1) "Clear written instructions for correcting any filing defects," (2) "Written notice of any deficiency or correction required," (3) "Reasonable time to correct technical filing defects," (4) "Assistance identifying required civil filing forms, summons forms, or procedural documents," (5) "Consideration of Plaintiff's disability-related processing and transportation limitations," and (6) "Permission to update contact information if displacement affects mail access." (ECF No. 4 at 2.) To the extent Plaintiff's third request seeks a standing extension of time for deadlines, Plaintiff's request is denied. Plaintiff must file a tailored request to a specific deadline and make a showing of good cause. As to Plaintiff's other requests, the Court denies them as unnecessary. Plaintiff is reminded of the requirement to follow the Local Rules, the Federal Rules of Civil Procedure, and court orders. In addition, if Plaintiff would like to receive electronic service of documents in lieu of receiving service by mail, Plaintiff may file a request indicating she consents to receive service of documents electronically and that she waives the right to receive service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).

Plaintiff is further cautioned to carefully review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of California, and Judge Kim's Civil Standing Orders. Pro se litigants are expected to know and comply with the rules of civil procedure. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108

(9th Cir. 2000); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## IV. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed;
4. Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED without prejudice; and
5. Plaintiff's request for accommodations (ECF No. 4) is DENIED.

Dated: October 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, temp.2431.26